NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL SAPP,

Defendant-Appellant.

No.    16-30059

D.C. No.
1:15-cr-00018-EJL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 5, 2017[**]
San Francisco, California

Before:  O'SCANNLAIN, PAEZ, and BEA, Circuit Judges.

Michael Sapp was apprehended by police following a high-speed chase.  A

subsequent search of the vehicle Sapp was driving revealed a backpack containing

174 grams of methamphetamine and a handgun.  At trial, Sapp argued that his

roommate, Michael Unger, was the owner of both the backpack and the handgun,

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and that Unger had left those items in the vehicle without Sapp's knowledge. The defense sought to call Unger to support this theory. Sapp's trial counsel provided Unger's attorney and the court with a list of proposed questions for Unger. After reviewing the questions, and outside the presence of the jury, Unger's attorney informed the court that Unger would exercise his right against self-incrimination under the Fifth Amendment and would refuse to answer all of the questions provided. Sapp objected to this blanket refusal to self-incriminate, arguing that Unger should be required to take the stand to assert his Fifth Amendment privilege to remain silent in front of the jury.

After hearing from both sides, the district court concluded that Unger could properly exercise his Fifth Amendment right against self-incrimination by a blanket refusal outside the presence of the jury. As a result, the district court determined that Sapp should not be required to take the stand merely to invoke his Fifth Amendment rights before the jury. Sapp appeals his subsequent conviction for possession of methamphetamine with the intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and unlawful possession of a firearm, *see* 18 U.S.C. § 922(g)(1).

On appeal, Sapp raises a single issue: whether the district court erred by preventing Sapp from calling Unger to testify before the jury. "We conduct de novo review of challenges to the invocation of the Fifth Amendment." *Earp v.*

2

*Cullen*, 623 F.3d 1065, 1070 (9th Cir. 2010).  Finding no error, we affirm.

Sapp argues that Unger's blanket assertion of the Fifth Amendment outside the presence of the jury was unlawful and contends that Unger should have been required to take the stand to answer, or refuse to answer, specific questions. Generally, a Fifth Amendment claim must "be raised in response to specific questions" and a witness should not be allowed to assert a blanket claim of Fifth Amendment privilege.  *United States v. Tsui*, 646 F.2d 365, 367 (9th Cir. 1981). But when the district court is "in a position to say that any response to all possible questions would tend to incriminate the witness," it may allow the witness to assert a blanket Fifth Amendment privilege and refuse to answer any questions.  *Id*. Additionally, "[i]t is well established that a criminal defendant may not call a witness if that witness . . . 'will merely be invoking his Fifth Amendment right not to testify.'"  *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997) (quoting *United States v. Espinoza,* 578 F.2d 224, 228 (9th Cir.1978)).

Here, the questions presented were aimed at tying Unger to Sapp, the vehicle Sapp was driving, the backpack, or the handgun.  Consequently, the district court correctly concluded that Unger could properly assert his Fifth Amendment rights

with respect to all of the questions presented.[1]  Once the district court concluded

that Unger could properly assert his Fifth Amendment rights with respect to all of

the proposed questions, it did not err by refusing to allow Sapp to call Unger to the

stand for the sole purpose of invoking the Fifth Amendment before the jury.

*Klinger*, 128 F.3d at 709.

**AFFIRMED.**

---

[1]    Relying on *California v. Byers*, Sapp contends that some of the questions were not incriminating and merely requested identifying information, such as Unger's name and address. *See* 402 U.S. 424, 431–32 (1971).  That case is distinguishable as it involved disclosures required by government regulations rather than sworn testimony in a criminal trial.  Therefore, it was not error to conclude that Unger could properly assert his Fifth Amendment rights and refuse to answer any of the proposed questions.